IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VAMSIDHAR VURIMINDI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 13-39 |
| HSFLB CONDOMINIUM OWNERS | : | |
| ASSOCIATION, et al. | : | |

**MEMORANDUM**

Ludwig, J.                                                                                                June 20, 2013

On January 4, 2013, plaintiff Vamsidhar Vurimindi, *pro se*, commenced this action. It purports to be a civil rights action, and jurisdiction is federal question. According to the complaint, as a result of the actions of numerous defendants[1], plaintiff was arrested and incarcerated, was issued a restraining order prohibiting him from entering his own condominium, and was criminally charged with harassment and stalking. He requests injunctive relief and economic recovery.[2]

**Facts**

Plaintiff, a native of India and a practicing Hindu, is the owner of Unit # 607 at the Hoop Skirt Factory Loft Building, a condominium complex in Philadelphia. Complaint, ¶¶ 6-7. Beginning in 2009, plaintiff's relations with his neighbors and local

---

[1] Defendants are HFSLB Condominium Owners Association, the City of Philadelphia, the Commonwealth of Pennsylvania, the Office of the District Attorney of Philadelphia, George J. Dilworth, Jr. (a Philadelphia police officer), Allison Borkowski (a neighbor at HSFLB), Michael Borkowski (Allison's father), Rajani Pattinson (a former neighbor at HSFLB), Lauren Westfield (a neighbor at HSFLB), Kendra Brill (a neighbor at HSFLC), Nicholas Palmer (a neighbor at HSFLB), Leo Addimando (developer of HSFLB), Starbucks, Inc., and a number of John Doe defendants, including unidentified Philadelphia police officers and detectives, Commonwealth judges, attorneys, police officers and detectives, and Philadelphia residents.

[2] This is not the first litigation arising from events occurring at HSFLB. *See Vurimindi v. Borowski*, C.P. Phila., No. 1101-02212. The Tenth Amended Complaint in *Vurimindi v. Borowski* is attached to the City's motion to dismiss at Exhibit 1 (doc. no. 9).

merchants became strained.[3] *Id.*, ¶¶ 112-369. In late summer 2010, defendant Allison Borowski filed a private criminal complaint against plaintiff, which resulted in an indictment for stalking and harassment and the issuance of a restraining order against plaintiff in a criminal action docketed at CR-10-09-15-9559. *Id.*, ¶¶ 310-385. The Philadelphia District Attorney's Office and the Commonwealth are alleged to have been complicit in approving the private complaint without properly investigating the claims before lodging charges against plaintiff. *Id.*, ¶¶ 431-478.

Plaintiff, in turn, filed a civil action against his neighbors in the Philadelphia Court of Common Pleas styled *Vurimindi v. Borowski*, C.P. Phila., No. 1101-02212. Id., ¶¶ 415, 497. In retaliation, plaintiff's neighbors, assisted by the Philadelphia Police and the District Attorney's Office, spied on and harassed plaintiff, and filed further complaints against him. *Id.*, ¶¶415-430. Strained relations between plaintiff and his neighbors continued, resulting in the filing of criminal charges against plaintiff in Municipal Court at MC-51-CR-9000095-2011, and the issuance of a mutual "stay-away" order in that case on May 20, 2011. *Id.*, ¶¶469-560.

In December 2011, a hearing was held in the Municipal Court matter. *Id.*, ¶¶ 561-587. In the course of the proceedings, the Philadelphia Assistant District Attorney proposed a plea bargain that included plaintiff's withdrawal of his civil claims against his neighbors and the Commonwealth's withdrawal of charges against plaintiff. *Id.*, ¶¶ 588, 746. The bargain was later modified to require plaintiff to undergo a psychological evaluation. *Id.*, ¶¶ 590, 738-740. Plaintiff declined the offer. *Id.*, ¶¶ 591, 747. The mutual "stay-away" order was rescinded and a restraining order issued against plaintiff only. *Id.*, ¶¶ 595, 597. Strained relations continued. *Id.*, ¶¶ 599-618.

---

[3] Strained relations refers to conduct engaged in by both plaintiff and his neighbors, including but not limited to playing loud music, slamming doors, taping notes on doors, exchange of e-mails, angry stares, trading insults, eavesdropping, use of video surveillance and calling the police.

On February 4, 2012, plaintiff was arrested for violating the restraining order and for disorderly conduct. *Id.*, ¶ 619. Further criminal charges were filed against him at MC-51-CR-0005022-2012. *Id.*, ¶ 756

On February 8, 2012, following a court ordered psychological examination, plaintiff was found incompetent to stand trial in the Municipal Court case. *Id.*, ¶¶ 624, 751. On February 10, 2012, following a hearing, plaintiff was detained and required to undergo mental health treatment in prison. *Id.*, ¶¶ 634, 752-755. Following a hearing on March 14, 2013, he was released, but required to stay with his sister in Virginia Beach and not return to his HSFLB condominium. *Id.*, ¶¶ 641, 758-763. Plaintiff later requested permission to return to his condominium to begin a new job that would permit him to work at home. *Id.*, ¶¶ 765-66. The request was denied, and though plaintiff was permitted to return to Pennsylvania, he was ordered to remain two blocks from HSFLB. *Id.*, ¶¶ 647, 767.

In April, 2012, plaintiff agreed to move out of HSFLB in exchange for the withdrawal of criminal charges against him.[4] *Id.*, ¶¶ 650-51, 769-772.

In May, 2012, plaintiff filed preliminary objections to the preliminary objections filed by defendants in *Vurimindi v. Borowski*. *Id.*, ¶¶ 654-55, 773. Based on the preliminary objections[5], and other allegations made by plaintiff's neighbors, in July, 2012, the District Attorney's Office filed further criminal charges against plaintiff at CP-51-CR-0008022-1012. *Id.*, ¶¶ 774-783. In the course of those proceedings, plaintiff has undergone three psychological evaluations and has been found incompetent to stand trial.

---

[4] It is not clear from the complaint which charges were included in this agreement. It further appears that the agreement did not come to fruition. *Id.*, ¶¶ 652-54.
[5] The preliminary objections referenced video footage obtained by plaintiff of his neighbors that he asserted would negate their accusations against him; the District Attorney's Office viewed the surveillance as further stalking and harassment by plaintiff. *Id.*, ¶¶ 777-78.

The complaint includes the following claims:

- Counts I, II and III - civil rights violations under 42 U.S.C. § 1983 against the state actors, including retaliation for exercise of First Amendment rights, violation of First Amendment rights, and denial of equal protection;

- Counts IV, V, VI and VII - civil rights violations under 42 U.S.C. § 1983 against Officer Dilworth, the John Does officers and the City, including unreasonable search and seizure, false arrest, and excessive force;

- Count VIII - a *Monell* claim against the City;

- Counts IX-XII - supplemental state law claims against Officer Dilworth and the John Doe officers, including battery, false arrest, concert of action, and invasion of privacy;

- Count VIII - discrimination in public accommodation in violation of 42 U.S.C. § 1981 against Starbucks;

- Counts XIV and XV - abuse of process against Allison Borowski and Rajani Pattinson;

- Count XVI - a *Monell* claim against the District Attorney's Office;

- Counts XVII and XVIII - substantive and procedural due process claims against the District Attorney's Office and the John Does staff members;

- Counts XIX, XX, XXII and XXIII - claims for intentional and negligent infliction of emotional distress, conspiracy, violation of Fair Housing Act and unlawful taking under the Fifth and Fourteenth Amendments against HSFLB owners association, Allison Borowski, Michael Borowski, Rajani Pattinson, Lauren Westfield, Kendra Brill, Nicholas Palmer, Leo Addimando, Officer Dilworth, the John Does officers, the staff members the District Attorney's Office, the City, and the Commonwealth; and

- Count XXI - a conspiracy claim against HSFLB owners association, Allison Borowski, Michael Borowski, Rajani Pattinson, Lauren Westfield, Kendra Brill, Nicholas Palmer, Leo Addimando, Officer Dilworth, and the John Doe officers.

### Dismissal of Complaint

Ten motions to dismiss the complaint have been filed by defendants.[6] For the reasons outlined below, the motions filed by the City of Philadelphia and Officer Dilworth will be granted and the complaint dismissed without prejudice to the filing of an amended complaint upon further order of court.

According to defendants, the complaint must be dismissed because it does not comport with the requirements of Fed. R. Civ. P. 8. That rule requires "a short and plain statement of the claim," and that "each allegation must be simple, concise and direct." *Simpson v. Coatesville*, 2010 WL 149895, at *1 (E.D. Pa., filed Jan 12, 2010) ("rambling and unclear" pleading was dismissed and *pro se* plaintiff granted leave to amend "as legibly, clearly and briefly as possible.") *Hoffenberg v. Grondolsky*, 2009 WL 5103181, at *4 (D.N.J, filed Dec. 17, 2009) (371-paragraph complaint dismissed and *pro se* plaintiff permitted to amend as follows: "Plaintiff will have one final chance to state his claims. Plaintiff, however, must submit a clear and concise pleading. Plaintiff cannot keep submitting overly lengthy pleadings, cannot keep recycling his prior

---

[6] The motions filed by the City and Officer Dilworth (doc. nos. 9 and 41) assert primarily that the complaint does not comport with Fed. R. Civ. P. 8. The motions filed by defendants Michael Borowski, Leo Addimando, the HSFLB owners association, Lauren Westfield, and Allison Borowski (doc. nos. 40, 60, 61, 70, and 80) assert that the complaint does not state viable claims under *Twombly* and *Iqbal*. The Commonwealth's motion (doc. no. 48) asserts that the Eleventh Amendment bars jurisdiction or, in the alternative, that the complaint fails to state a claim against the Commonwealth under *Twombly* and *Iqbal*. The motion filed by the District Attorney's Office and John Does officers (doc no. 49) asserts that plaintiff's claims are barred by the Eleventh Amendment and sovereign immunity. The motion filed by Rajani Pattinson (doc. no. 56) asserts that the claims in the complaint are barred by res judicata, all claims against her having been dismissed with prejudice in *Vurimindi v. Borowski*. The docket reflects service on defendant Kendra Brill, (doc. no. 65) but she has not filed an answer or responsive pleading as yet. It does not appear from the docket that Norman Palmer or Starbucks have been served.

submissions and should stop substituting facts for conclusory statements." Emphasis in original.)[7]

Here, the complaint is a 164-page, 1087-paragraph narrative that appears to recount every exchange plaintiff has had with all of the defendants and many individuals who are not named in the complaint. It recycles averments from other of plaintiff's cases, including *Vurimindi v. Fuqua*[8], currently pending in this court; *Vurimindi v. Achek*[9], *Vurimindi v. Wyeth*[10] and *Vurimindi v. City*[11], all filed in this court but previously dismissed; and *Vurimindi v. Borowski*[12], currently pending in the Philadelphia Court of Common Pleas. It is replete with conclusory statements. It is unwieldy at best and does not provide defendants or the court with fair notice of the factual basis for plaintiff's claims. Therefore, it must be dismissed. Any amended complaint that is filed is to include only those facts necessary to state the claims plaintiff intends to pursue. Plaintiff is strongly encouraged to retain counsel to assist in the preparation of the amended pleading.

### Request for Injunctive Relief

Plaintiff contends that the criminal charges against him are baseless and false, and that the resulting criminal proceedings have deprived him of his right to life liberty and property. Plaintiff requests an injunction barring further proceedings in *Commonwealth of Pennsylvania v. Vurimundi*, C.P. Phila., No. 51-CR-0008022-2012.

---

[7] Though he is *pro se*, plaintiff should be familiar with the requirements of Fed, R. Civ. P. 8. A prior action, *Vurimindi v. Achak*, U.S.D.C., Civ. A. No. 09-5976, was dismissed, in part, for failure to satisfy these requirements. In that case, too, the complaint was in excess of 150 pages long.

[8] *Vurimindi v. Fuqua Business School, et al.*, U.S.D.C., E.D. Pa., Civ. A. No. 10-234. See complaint, ¶¶ 79-109.

[9] Vurimindi v. Achek, et al., U.S.D.C., E.D. Pa., Civ. A. No. 09-5976. See complaint, ¶¶66-78.

[10] *Vurimindi v. Wyeth, et al.*, U.S.D.C., E.D. Pa., Civ. A. No. 10-386. See complaint, ¶¶ 79-109.

[11] *Vurimindi v. City*, U.S.D.C., E.D. Pa., Civ. A. No. 10-88. See Complaint, ¶¶ 66-78.

[12] A copy of the Tenth Amended Complaint in *Borowski* is attached to the City's motion to dismiss as Exhibit A (doc. no. 9). Also attached is the court's order denying Vurimindi's request to further amend to add new allegations, and directing him to file a separate state court complaint and move to consolidate the actions. City's motion to dismiss, Exhibit B (doc. no. 9). This action appears to have been filed instead.

*See* docket entries, Exhibit 1 to the District Attorney's Office's motion to dismiss plaintiff's request for injunctive relief (doc. no. 30). Additionally, he requests an injunction permitting him to return to his condominium at HSFLB. The District Attorney's Office argues that abstention is appropriate in these circumstances, and even if it were not, plaintiff has not satisfied the requirements for the issuance of a temporary restraining order or preliminary injunction. Plaintiff's motion must be denied.

## Abstention

The Third Circuit has set forth a "three-prong test to determine whether courts should abstain from addressing the merits of a federal action in the face of ongoing state criminal litigation. Abstention under *Younger* is appropriate only where: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lui v. Comm'n on Adult Entertainment Establishments*, 369 F.3d 319, 326 (3d Cir. 2004); *Younger v. Harris*, 401 U.S. 37, 44 (1971). Each prong of the test is satisfied here.

Here, state proceedings are ongoing, but delayed due to plaintiff's incompetency to stand trial. The criminal proceedings implicate important state interests – protection of individuals such as plaintiff's neighbors from unwanted harassment such as that with which plaintiff is charged. It is the role of the District Attorney's Office to protect these interests. *Commonwealth v. Stipetich*, 652 A.2d 1294, 1295 (Pa. 1995) (citation omitted). The state proceedings provide plaintiff with an adequate remedy to raise his federal claims: plaintiff can produce evidence to support his defense that his neighbors have fabricated their claims against him and that the police have been complicit. *Cunnane v. Montgomery Cty. Dist. Att'y Office*, 1993 WL 542443,

at *2 (E.D. Pa., filed Dec. 23, 1998) (the "reasons that plaintiff sets forth can be fully presented to the trier of fact if there is an evidentiary basis for the allegations of fabrication."). It is the role of a jury to weigh that evidence, not the role of this court.

An exception to abstention under *Younger* exists "when a state prosecution is brought in bad faith or for purposes of harassment." *Younger*, 401 U.S. at 54. Plaintiff has alleged that the criminal proceedings against him are being pursued in bad faith and for purposes of harassment, however, "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). Plaintiff alleges that he possesses evidence to disprove the charges against him, but does not assert that the District Attorney's Office filed the charges with no hope of a conviction. *See Helfant v. Kugler*, 421 U.S. 117, 126 n.6 (1975) ("the party bringing the state action must have no reasonable expectation of obtaining a favorable outcome.") Plaintiff baldly alleges that the District Attorney's Office abandoned its standard practices when it filed charges based upon the private criminal complaint of defendant Borowski, but does not describe which procedures were abandoned, or why the decision to file the charges against plaintiff "constituted anything other than a straightforward enforcement of the law." *Schlagler v. Phillips*, 166 F.3d 439, 443-44 (2d Cir. 1999).

Plaintiff has not established a basis for an exception to abstention under *Younger*.

### Request for Temporary Restraining Order and Preliminary Injunction

Even if abstention was not appropriate here, plaintiff's requests for a temporary restraining order and preliminary and permanent injunction to bar further state court

criminal proceedings against him would have to be denied. These are extraordinary forms of relief, available only in exceptional circumstances. The standards for obtaining either form of relief are the same. Plaintiff must show that (1) he is likely to prevail on the merits; (2) irreparable harm will result if the relief is not granted; (3) no greater harm will result to the opposing party if relief is granted; and (4) a grant of relief is in the public interest. *Child Evangelism Fellowship of New Jersey v. Stafford Township Sch. Dist.*, 386 F.3d 514, 524 (3d Cir. 2004). These elements are not satisfied in this case.

The District Attorney's Office argues that it, rather than plaintiff, is likely to prevail on plaintiff's substantive constitutional claims because the prosecutor against whom claims are asserted is immune from suit and the District Attorney's Office itself is entitled to Eleventh Amendment immunity. Moreover, it argues that plaintiff has not and cannot show that irreparable harm will result if the criminal proceedings are not enjoined. To the contrary, plaintiff will have the opportunity to defend against the criminal charges against him before a jury as soon as he is deemed competent to stand trial. Harm to the District Attorney's Office and the Commonwealth will result from enjoining the criminal proceedings, in that they will be unable to discharge their duty to protect the interests of the victims of plaintiff's alleged crimes. Finally, granting an injunction based on the allegations in plaintiff's complaint would send a message to state court criminal defendants that they can avoid prosecution by pursuing constitutional claims in federal court rather than seeking redress in the pending state actions. The resulting disruption in orderly resolution of criminal cases would not be in the public interest.

Accordingly, plaintiff has not satisfied the requirements for the issuance of a temporary restraining order or injunction and his motion must be denied.

**Recusal**

Plaintiff requests this judge's recusal based on the fact that four of his previous actions were assigned to this judge and three were dismissed. "The standard for recusal is whether an objective observer reasonably might question the judge's impartiality." *Massachusetts School of Law v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). Plaintiff contends that a layperson, confronted with the prior dismissals, would question this judge's ability to act impartially because this case is based, to some extent, on conduct arising in the prior cases. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Massachusetts School of Law*, at 1043, quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994). "A judge's consistent pattern of ruling against a party could be entirely justified for that party might consistently be taking positions that cannot be supported." *Massachusetts School of Law*, at 1043. That such occurred here is evidenced by the affirmance by the Third Circuit Court of Appeals of the dismissals referenced by plaintiff. See *Vurimindi v. Achek*, Civ. A. No. 09-5976, doc. no. 62; *Vurimindi v. Wyeth*, Civ. A. No. 10-386, doc no. 41; *Vurimindi v. City*, Civ. A. No. 10-88, doc no. 54.

Accordingly, plaintiff's motion for recusal must be denied.


BY THE COURT:


/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.