IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OFPENNSYLVANIA

| | | |
|---|---|---|
| VAMSIDHAR VURIMINDI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 13-39 |
| HSFLB CONDOMINIUM OWNERS ASSOCIATION, et al. | : | |

## **ORDER**

AND NOW, this 20th day of June, 2013, it is ordered as follows:

1. "Plaintiff's Motion for Temporary Restraining Order, Preliminary and Permanent Injunction Against Commonwealth, Philadelphia Police Department, and Philadelphia District Attorney's Office" (doc. no. 14) and his second motion seeking to restrain the same state court criminal proceedings (doc. no. 91) are denied. The motion to dismiss plaintiff's motion for temporary restraining order (doc. no. 30) is denied as moot.

2. The motions to dismiss the complaint filed by the City of Philadelphia and Officer Dilworth (doc. nos. 9 and 41) are granted. Plaintiff's complaint is dismissed without prejudice to the filing of an amended complaint upon further order of this court.

3. The motions to dismiss the complaint filed by the remaining defendants (doc nos. 40, 48, 49, 56, 60, 61, 70 and 80) are denied without prejudice to refiling upon the filing of an amended complaint.

4. The "Motion to Quash Subpoenas or, in the Alternative, for Protective Order" filed by defendants Leonidas Addimando and HSFLB Condominium Owners Association (doc. no. 25) is granted. Plaintiff's motions to compel

responses to discovery requests (doc nos. 37 and 82) are denied. All parties are to refrain from engaging in discovery until further order of this court.

5. The following motions are denied as moot:

- plaintiff's motion for extension of time to respond to defendant Borowski's motion to dismiss (doc. no. 46);

- plaintiff's motion for alternative service (doc. no. 24);

- plaintiff's motions to expedite rulings on various motions (doc nos. 45 and 54)

6. Plaintiff's "Motion for Recusal" (doc. no. 86) is denied.

7. This matter is placed in suspense in light of issues concerning plaintiff's competency to proceed with this litigation. It will remain in suspense until the issue of plaintiff's competency is resolved in criminal proceedings currently pending in the Court of Common Pleas of Philadelphia County, *Commonwealth of Pennsylvania v. Vurimindi*, No. CP-51-CR-0008022-2012. If plaintiff intends to proceed with this action, he must submit a status report

advising that his competency issues have been resolved and he has been found competent to proceed in *Commonwealth v. Vurimindi*.[1]

A memorandum accompanies this order.

BY THE COURT:


/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[1] In the course of the state court criminal proceedings, a court-appointed psychologist determined plaintiff to be incompetent to proceed on three occasions, including as recently as March 4, 2013. A further competency determination is scheduled for June 27, 2013. *See Vurimindi v. Fuqua School of Business*, Civ. A. No. 10-234, doc. no. 187 (civil action pending before the Honorable Gene E.K. Pratter placed in suspense pending resolution of competency issues).